IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LIN D. STOWELL, | ) | CASE NO. 8:08CV0026 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| PAYPAL (eBAY, Inc.), | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed the Complaint in this matter on January 18, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed the Complaint on January 18, 2008, against one Defendant, PayPal (eBay, Inc.). (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that she was employed by PayPal/eBay on November 28, 2005. (*Id.* at CM/ECF p. 2.) On that date, Plaintiff informed PayPal/eBay that she was having "brain abnormalities due to medication" she was taking for injuries relating to a car accident. (*Id.*) At PayPal/eBay's direction, Plaintiff made a claim for short-term disability benefits, which was approved.

On February 15, 2006, PayPal/eBay informed Plaintiff that it had been made aware of "additional medical info" relating to a separate "brain abnormality" occurring on December 2, 2005. (*Id.*) Plaintiff alleges that the information was erroneous, but PayPal/eBay "would not divulge" who gave it the information. (*Id.*) Plaintiff's employment at PayPal/eBay was terminated on March 15, 2006. (*Id.* at CM/ECF p. 3.) Plaintiff alleges that PayPal/eBay terminated her because of the December 2, 2005, brain abnormality.

(*Id.*) Plaintiff requests that the court force PayPal/eBay to tell Plaintiff who gave it her medical information. Plaintiff also seeks an award of damages for lost wages, benefits, and pain and suffering. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs proceeding in forma pauperis do not set forth enough factual allegations to "nudge[] their claim across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

As set forth in the Americans with Disabilities Act (the "ADA"):

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job

>application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). An employee seeking relief under the ADA must establish that: 1) she has a disability as defined in 42 U.S.C. § 12102(2); 2) she is qualified to perform the essential functions of the job, with or without reasonable accommodation; and 3) she has suffered adverse employment action because of her disability.

"Diagnosis" does not imply "disabled" for the purposes of the ADA. *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002). Indeed, a person is disabled within the meaning of the ADA only if she demonstrates that she has a physical or mental impairment which substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Prcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)).

Liberally construed, Plaintiff here alleges that she suffers from one or more "brain abnormalities" and that she was terminated from her employment at PayPal/eBay as a result. However, Plaintiff has not alleged that she was qualified for her job with or without reasonable accommodation or that she is "substantially limited" in one or more major life activities. In short, Plaintiff's allegations fail to state a claim upon which relief may be granted. However, the court grants Plaintiff 30 days in which to amend her Complaint in accordance with this Memorandum and Order. Any amended complaint shall restate the

allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **May 5, 2008,** to amend her Complaint to clearly state a claim on which relief can be granted against Defendant PayPal/eBay. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice;

2. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Ffiling Nno. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims;

3. No summons will be issued until after the amendment of the Complaint in accordance with this Memorandum and Order;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **May 5, 2008**. The Clerk of the court is also directed to terminate the pro se first assessment deadline in this matter; and

5. Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 4th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4